NO. 07-04-0274-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 5, 2004
_____

JAIME CUELLAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 48339-E; HON. ABE LOPEZ, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Jaime Cuellar (appellant) appeals his conviction of possession of marijuana. The clerk's record was filed on July 12, 2004, and the reporter's record was filed on July 8, 2004. Thus, appellant's brief was due on August 12, 2004, and counsel for appellant filed a motion to extend the deadline. The motion was granted, resulting in an extension of the deadline to September 13, 2004. That date passed without appellant filing a brief, however. So, on September 21, 2004, this Court notified appellant that neither the brief nor

an extension of time to file it had been received by the court. Appellant was also admonished that if he did not respond to the court's letter by October 1, 2004, the appeal would be abated to the trial court. October 1st also passed without appellant filing a brief, moving for an extension, or responding in any way to our September 21st letter.

Consequently, we abate this appeal and remand the cause to the 108th District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether appellant desires to prosecute the appeal;

2.   whether appellant is indigent and entitled to appointed counsel; and,

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record

2

transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before November 4, 2004.  Should additional time be needed to perform these tasks, the trial court may request same on or before November 4, 2004.

It is so ordered.

Per Curiam

Do not publish.